Case No. 10-2379, L.D.S. LLC v. Southern Cross Food, LTD. Southern Cross Food, Thank you, Counsel. Good morning. I'm pleased to report my name is James Posnack. I represent the defendants of L.E. Brindisky. Counsel has not correctly quoted the integration clause. That appears in the record at A164, and if I may read it, it says, because it has two phrases, they focus on one of them. It says, this lease contains all of the agreements of the parties hereto with respect to any matter covered or mentioned in this lease and no prior agreements or understandings. Pretending any such matter shall be effective for any purpose. So what LDS is doing is it's focusing solely on the no prior agreements phrase and pretending or wishing that the first part of the integration clause, this lease contains all of the agreements, didn't exist. It does exist, and the law is very clear that an integration clause bars any prior or contemporaneous agreements that pertain to the lease, and certainly the payment of rent pertains to the lease. This was dismissed, was it not, on a 2615? Yes, Your Honor. Not 2619, not summary judgment. Correct. Simply failure to state the cause of action. Yes, and the reason why, there's two reasons why they can't state a cause of action. First of all, they cannot allege, they won't be able to introduce evidence and therefore cannot allege facts that are inconsistent with the integration clause. And also, which is not. Doesn't the lease allow for a writer if it allows for subsequent written changes? Does it not? If the parties make subsequent changes, yes. But they're not alleging, that was what they alleged in the amended complaint. They alleged that there were two agreements. The first agreement for the lease and the second agreement, they alleged, was an amendment to the lease by which Mr. Skihan gave the purported guarantee in return for permission to install signage. Your Honor did ask about. Yes, what about that? What about that? Well, what I would say about that, Judge, is that the trial court dismissed the amended complaint, the amended verified complaint, and they pled over. They did not appeal that ruling to perhaps raise the point you're mentioning. Whether the trial judge was right or wrong about the lack of consideration is not part of this case anymore. They pled over it and instead changed their theory. So we go instead from two agreements, the July 20th agreement and the July 24th agreement, which, by the way, the amended verified complaint refers to that second transaction as the July 24th agreement in a shorthand. Now they're saying, no, no, no, it's all one agreement, perhaps realizing what happened in the first time with the consideration. So now they're saying it's one agreement. So we don't have a modification. We have an alleged one agreement, and they run into the integration clause, which bars any evidence, any allegations of agreements that are not in the four corners of the lease itself. They argue that, well, the court should look at the guarantee. It says it's attached to the lease. But the law says you can't look to the document you're trying to incorporate. That's outside the four corners of the lease. You have to look to the lease itself to make that determination. Now they have argued that Mr. Skihan is not, although actually let me start out by saying that there was no case cited in their opening brief at all in the integration clause. They waived that argument. However, the court, of course, can take that up anyway. They raised a new argument in their opening brief that hadn't been raised below, and that is the stranger to the lease argument. That argument is the stipple waiver. It wasn't raised in their brief. It's not raised before the trial court. And we've cited cases, and I'll acknowledge that the law is perhaps a little thin in this area, but we at least cited some cases to give this court a basis to rule that when a person is a director and principal of an entity that signs an agreement, he is bound by that integration clause. If Mr. Skihan were to try to get out of his guarantee by claiming that there was some promise that wasn't in the lease, the integration clause would bind him. He wouldn't be able to make that argument. He also, therefore, should be entitled to raise it as a defense to the guarantee. And he's not a stranger to the lease in his capacity in this case because of his relationship with the tenant. And finally, we have an issue of public policy, which underlies integration clauses. The courts have been very clear that when a lease has an integration clause, it is not to be tampered with. What about their refusal to take the security deposit on the 24th until he signed the guarantee? Well, I don't know that that helps them at all. That might show that there was, I mean, he was under the lease. He was obliged to take the guarantee. In other words, what he was trying to do was make a change in the lease, I guess, by saying, I don't like this. I realize they don't have it. We're back to the amended complaint now, really. I don't like this deal I made. I really wanted a guarantee. It isn't in the lease. Give me one. And so, allegedly, they negotiated that. And the refusal to take. But if it was just one transaction, once the lease was signed, which clearly was on the 20th, the lease was binding already, they made the deal. He couldn't refuse the security deposit and try to use that as leverage to change the deal. But the problem for the plaintiff here is that they've basically contradicted, impermissibly contradicted their amended verified complaint. The amended verified complaint ledges back showing two transactions. Now they're coming in trying to say, no, no, it's really one transaction. We're adding additional facts. But they're really not. They're saying it's one transaction versus two. Of course they are. Of course that's what they're arguing. It was a single transaction. And then what occurred on the 24th and the 26th was part of the original transaction for the lease. Except that the original. When did you move in? I don't. That's not in the record. I know it's not in the record. I don't know. I assume it was sometime after the 26th. Yes, it would have been. But the problem for the plaintiff is that they started out this case by alleging two agreements. The agreement for the lease and then the agreement for the guarantee. They cannot contradict those facts they alleged setting out two agreements by now trying to set out facts alleging one agreement. I would also just point out on the issue of contemporaneous, the period of time, whether it's nine days or six days or whatever, is irrelevant. The Redbud case that I cited indicates that what really matters is what the parties intended before signing the lease. In the Vaughn case, the court found that there were discussions from day one on the guarantee and it was all one transaction. Here they alleged in the amended complaint that there were two transactions. And so, again, they cannot contradict that by now alleging that it was one transaction. And the mere fact that it was... But isn't that their argument that that was really more inadvertence and oversight and that the court should not have dismissed this under 2615 without an opportunity to allow them to at least plead that? Well, I think they blew their opportunity, Judge. How many opportunities did they have? It's not unusual to be given three, four, five opportunities to plead. They had three. The reason why they blew their chance to allege inadvertence and mistake, and they're really not, what they're saying is, when you read their reply especially, they're not saying that there was a mistake. They're saying that it was consistent all along and the judge misunderstood the pleading. In their third amended verified complaint, they simply repeat this was... Aren't there more leases with personal guarantees than perhaps maybe, you know, leases without the personal guarantee? I don't know what... You know, that's not in the record. You know, I mean, that may or may not... They made a deal. The deal is basically what's in this lease. The trial judge had the discretion to review the third amended complaint that they submitted, which didn't change anything, really, in the second amended complaint. All it said was, we made a mistake, we made a mistake, we didn't mean it, I never intended to sign it without a guarantee, basically contradicting the integration clause. They didn't plead around the integration clause. And so the trial court did not abuse its discretion in denying... In granting it to 615. That's correct. Now, I want to point out one other thing, and I should have at the beginning, and I apologize to the court. I did... I do argue on the 2615 abuse of discretion, and of course it is de novo. I apologize. However, the... But leave to file the third? That's abuse of discretion. The only... The de novo is the dismissal of 2615. There's a number of factors the court's supposed to look at. Yes, and they waived that too, Judge. They didn't argue the Loyola factors at all in their initial brief. They argue them, you know, in their reply brief. But they failed the first Loyola factor for sure. Because if you look at the third amended complaint, it has nothing, no new facts to the amended verified... To the second amended verified complaint, except to repeat... Make conclusory statements about mistake and inadvertence, and to repeat the allegations of intent, which you can't plead that in the face of integration clause. You can't plead what your intent was. It's the four corners that we look at. That only becomes relevant, though, if we assume that the trial court was correct. In... Correct in what sense, Judge? In dismissing the second amended complaint under 2615. Well, yes. If you rule the trial court error, then of course the... Then the third... Then the third complaint doesn't matter. Right. But I don't believe the trial court did error because they were contradicting their amended verified complaint and trying to plead over an integration clause. So for the reasons stated in my brief this morning, we urge the court to affirm the dismissal of the second amended complaint and to uphold the trial court's denial of leave to file a third amended verified complaint. Thank you. Thank you. Can I just get a very, very brief rebuttal? Right. In the integration clause, if we would have tried to change the terms of the lease, if we would have tried to change maintenance or HVAC or rental terms or anything else, of course that's what that clause would have protected. We didn't do that. And, in fact, this document, which is the subject of this case, was a writing, which was signed and attached to this lease and is part of it. And it was never... There's no argument that the defendant has made, which would bar under this integration clause the execution of the guarantee. Further, since it's all part of one transaction, the defendant is being, I think, disingenuous when they're saying that it's barred by the integration clause because the whole thrust of this is that it was one contemporaneous transaction and that it was a part of the lease in connection with the contemporaneous transaction. Second, with regards to the allegation that we pleaded two separate transactions, what we did is we explained in our second amended complaint that this was all part of a contemporaneous transaction. When the court dismissed that, we prepared the third amended complaint, which harmonized all of the allegations which we had made regarding the signage, regarding the security deposit, regarding the nature of the transaction, to give the court the full explanation of all those facts so that the court would have those so there would be no question that we had harmonized those allegations, they weren't inconsistent, and they were part of a single contemporaneous transaction. Counsel argues that we waived something and we didn't cite cases. The point was we were arguing common sense and plain language and I don't think anybody needed a case to decide some of the matters that were alleged in our brief. I mean, they were very straightforward, very clear, and I don't believe that lawyers waive arguments. But both of you have waiver arguments, do you not? I don't think I've talked much about waiver. Every time we do something, he talks about waiver, but I don't think we do much about that. I wouldn't worry about it. Thank you, Judge. I don't think I have anything further at this point. Counsels, thank you both. The case will be taken under advisement.